**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230140-U

Order filed December 11, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0140 Circuit No. 20-CM-1701 |
| | ) | |
| LINSI K. KNAPP, | ) ) | Honorable Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Albrecht and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The circuit court properly denied defendant's motion to suppress.

¶ 2        Defendant, Linsi K. Knapp, appeals from the Du Page County circuit court's denial of her motion to suppress evidence, arguing that the circuit court erred because the officer lacked probable cause to warrant both a search of the vehicle defendant rode in as a passenger and defendant's person. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4　　　　On November 21, 2020, the State charged defendant with unlawful possession of drug paraphernalia. 720 ILCS 600/3.5(a) (West 2020). Defendant filed a pretrial motion to suppress evidence arguing that the discovery of drug paraphernalia was the result of an improper search of the vehicle and defendant's person because the officer lacked probable cause. The evidence adduced at the hearing showed that Officer Allison Kern conducted a traffic stop on a vehicle for speeding. Kern observed the driver[1] and defendant, the sole passenger, who was sitting in the front passenger seat. The driver told Kern that he was coming from a local hotel. Kern observed "the odor of cannabis" emitting from the vehicle. Kern had experience and training with cannabis detection, including the odor of cannabis. Kern asked the driver why the vehicle smelled like cannabis. The driver indicated that he and defendant had smoked cannabis in his hotel room approximately an hour before the traffic stop. The driver also stated that there was "some" cannabis in the vehicle contained in a bag that belonged to him. Additionally, Kern observed cannabis shake, or small pieces of cannabis, on the floor and center console in plain view. The cannabis shake was located between defendant and the driver. Having suspicions that the driver was under the influence, Kern ordered the driver to exit the vehicle to conduct field sobriety tests. Kern searched the driver's person and completed the horizontal gaze nystagmus (HGN) test. Following the test, Kern determined that the driver was not under the influence. Based on Kern's remaining observations, including, the odor of cannabis, cannabis shake in plain view, and the driver's admission that there was cannabis in the vehicle, Kern ordered defendant to exit the vehicle, and she conducted a search. An assisting officer located cannabis in a bag underneath the passenger seat where defendant had been seated. Kern searched defendant's person "[b]ecause [defendant] was within the vehicle where there was suspected cannabis." Kern

_____
[1]The driver was not identified during the proceedings.

located "a pipe used to smoke crack cocaine" on defendant's person. Kern did not have defendant's consent to complete a search.[2] The court denied the motion to suppress.

¶ 5     Defendant filed a motion to reconsider the court's denial, asserting that the court erred by finding (1) the "odor of raw cannabis" established probable cause sufficient to search the vehicle in which defendant rode as a passenger and (2) that probable cause "extended to the search of Defendant's person." In the motion and during the hearing, defendant asserted that Kern "detected the odor of raw cannabis," which the court improperly found established probable cause to search. The court denied the motion to reconsider.

¶ 6     Defendant proceeded by way of a stipulated bench trial. Specifically, defendant stipulated that if the matter went to trial the facts would show that, following a traffic stop and upon speaking with the driver and defendant, Kern "immediately detected the strong odor of fresh cannabis and *** observe[d] cannabis shake within the vehicle." Following conversations with the driver and defendant, Kern asked defendant to exit the vehicle. Kern searched defendant and located a glass pipe containing burnt residue and steel wool in the front pocket of defendant's sweatshirt. Based on her training and experience, Kern would testify that "pipes such as this are used to possess crack cocaine and steel wool is used as a filter for ingesting crack cocaine." The court found defendant guilty of unlawful possession of drug paraphernalia. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, defendant argues that the court improperly denied her motion to suppress evidence because the officer lacked probable cause to both search the vehicle defendant rode in as a passenger and defendant's person. We review the circuit court's ruling on a motion to

_____

[2]A video recording of the stop was used to refresh Kern's recollection but was not entered into evidence.

3

suppress evidence under a two-part standard. *People v. Grant*, 2013 IL 112734, ¶ 12. First, we give great deference to and uphold the factual findings and witness credibility determinations of the circuit court unless those findings are against the manifest weight of the evidence. *People v. Lampitok*, 207 Ill. 2d 231, 240 (2003). Second, we review the ultimate legal question of whether suppression of evidence is warranted *de novo. Id.* Additionally, we may consider evidence presented at the defendant's trial in addition to the evidence presented during the suppression hearing. *People v. Caballero*, 102 Ill. 2d 23, 36 (1984).

¶ 9        Probable cause to search a vehicle exists when "the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that the automobile contains contraband or evidence of criminal activity." *People v. Hill*, 2020 IL 124595, ¶ 23. "Whether the necessary probability exists is governed by commonsense considerations that are factual and practical, rather than by technical rules." *People v. Manzo*, 2018 IL 122761, ¶ 30. "[P]robable cause does not require an officer to rule out any innocent explanations for suspicious facts." *Hill*, 2020 IL 124595, ¶ 24. "Instead, it requires only that the facts available to the officer—including the plausibility of an innocent explanation—would cause a reasonable man to believe there is a reasonable probability" that a search of the automobile will uncover contraband or evidence of criminal activity. *Id.* "The existence of probable cause depends upon the totality of the circumstances at the time of the arrest." *Grant*, 2013 IL 112734, ¶ 11. "A court must examine the events leading up to the search or seizure, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable law enforcement officer, amount to probable cause." *People v. Jones*, 215 Ill. 2d 261, 274 (2005).

¶ 10　　　　Relevant to the present case, our supreme court in *People v. Redmond*, 2024 IL 129201, ¶¶ 47, 54, held that that the odor of burnt cannabis, without more, is insufficient probable cause to justify searching a vehicle. However,

> "if the State can establish that an individual is engaged in conduct described in section 10-35 [of the Cannabis Regulation and Tax Act (410 ILCS 705/10-35 (West 2020)) and section 502.15(b), (c) of the Illinois Vehicle Code (625 ILCS 5/11-502.15(b), (c) (West 2020))] (*i.e.*, the individual used cannabis in the vehicle or possessed cannabis in an unauthorized container), the individual's possession of cannabis is not immune from the [Cannabis] Control Act's [(720 ILCS 550/1 *et seq.* (West 2020)] general prohibition against the possession of cannabis." *Id.* ¶ 58.

Probable cause to believe that a defendant has committed a possession offense consists of evidence tending to show that the defendant knew of the presence of the contraband and that it was in his immediate and exclusive control. *People v. Juarbe*, 318 Ill. App. 3d 1040, 1053-54 (2001). Where two or more people share immediate and exclusive control of contraband, they jointly possess it. *Id.* at 1054. Additionally, where contraband is discovered during a search, probable cause to arrest exists if a defendant can be linked to such contraband via joint possession. *People v. Drake*, 288 Ill. App. 3d 963, 968 (1997). Where the standard is probable cause, a search or seizure of that person must be supported by probable cause particularized with respect to that person, and this requirement cannot be undercut or avoided simply by showing that there exists probable cause to search or seize another person who is nearby. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).

¶ 11    At the outset, we acknowledge the State's concession that the odor of cannabis Kern observed was not an odor of raw cannabis. While there are some indications in the record that suggest Kern observed an odor of raw cannabis, we find the description of "fresh" cannabis, as articulated in the State's factual recitation, ambiguous because it fails to clearly distinguish between the odor of raw cannabis or burnt cannabis. Therefore, we accept the State's concession and proceed with the understanding that Kern's description of an odor of cannabis does not permit a factual determination of whether it was raw or burnt cnnabis.

¶ 12    Here, Kern's observations began with the strong odor of cannabis. In plain view, Kern also observed cannabis shake on the floor and center console between the driver and defendant. In other words, Kern observed improperly transported cannabis, in that there was cannabis not contained in a "sealed or resealable, odor-proof, child-resistant cannabis container," in the front passenger compartment and on the floor of the vehicle. See 625 ILCS 5/11-502.15(b), (c) (West 2020); see also *Juarbe*, 318 Ill. App. 3d at 1054. These facts, alone, support the officer's probable cause search of the vehicle and defendant.

¶ 13    Moreover, the driver's admission that he and defendant smoked cannabis earlier in another location, claiming possession of the cannabis located under defendant's seat, and passing the HGN test, did not dispel Kern's reasonable suspicion. Specifically, the aforementioned facts were insufficient to eliminate the need for further investigation given the cannabis shake in plain view in the center console, next to defendant, in combination with the strong odor of cannabis. See *Redmond*, 2024 IL 129201, ¶¶ 47, 54, 58; *People v. Love*, 404 Ill. App. 3d 784, 788 (2010) ("knowledge may be inferred from several factors, including (1) the visibility of the contraband from the defendant's location within the car; (2) the amount of time that the defendant had to observe the contraband; (3) any gestures or movements made by the defendant ***; and (4) the

6

size of the contraband"). Based on the totality of these circumstances, Kern had probable cause to search the vehicle and defendant's person. See *Hill*, 2020 IL 124595, ¶ 24; see also *Grant*, 2013 IL 112734, ¶ 11. Therefore, the court properly denied defendant's motion to suppress.

¶ 14 In reaching this conclusion we reject defendant's reliance on *United States v. Di Re*, 332 U.S. 581, 592 (1948), which is factually distinguishable from the case at bar. In *Di Re*, the informant alerted police to an illegal transaction, only implicating the driver of a vehicle, and not the defendant, who was a passenger. *Id.* at 583. Subsequently, officers arrested the defendant after locating contraband on his person. *Id.* In contrast, here, Kern's probable cause was not solely reliant on defendant's otherwise innocent presence in the vehicle; rather, the facts here implicated both the driver and defendant due to the odor of cannabis and cannabis shake in plain view between defendant and the driver. *Supra* ¶¶ 12-13.

¶ 15                                        III. CONCLUSION

¶ 16 The judgment of the circuit court of Du Page County is affirmed.

¶ 17 Affirmed.